UFCW LOCAL 1500 WELFARE FUND, on
behalf of itself and all others similarly situated,

      Plaintiff,

      v.

THE NEW YORK AND
PRESBYTERIAN HOSPITAL,

      Defendant.

Case No. CV 25-5023

------------------------------------------------------

CEMENT AND CONCRETE WORKERS
DC BENEFIT FUND,
on its own behalf and on behalf of
others similarly situated,

      Plaintiff,

      v.

THE NEW YORK AND
PRESBYTERIAN HOSPITAL,

      Defendant.

Case No. CV 25-5571

**PLAINTIFFS CEMENT AND CONCRETE WORKERS DC BENEFIT FUND AND POINTERS, CLEANERS AND CAULKERS LOCAL 1 WELFARE FUND'S RESPONSE TO PLAINTIFF UFCW LOCAL 1500 WELFARE FUND'S MOTION TO APPOINT DICELLO LEVITT LLP, GARWIN GERSTEIN & FISHER LLP, AND LIEFF CABRASER HEIMANN & BERNSTEIN LLP AS INTERIM CO-LEAD CLASS COUNSEL**

The Court should appoint as Interim Co-Lead Class Counsel Fairmark Partners, LLP ("Fairmark"), Susman Godfrey LLP ("Susman"), and Farella Braun + Martel LLP ("Farella," and collectively, "Proposed Co-Leads"), counsel to Plaintiffs Cement and Concrete Workers DC Benefit Fund ("CCWDC Welfare Fund") and Pointers, Cleaners & Caulkers Local 1 Welfare Fund ("PCC Local 1 Welfare Fund," and collectively "CCWDC Plaintiffs"). The Proposed Co-Leads include the firm that made this case possible through a multi-year investigation (Fairmark), the firm that has successfully litigated the most significant hospital contracting practices antitrust class action in history (Farella), and one of the top antitrust firms in the nation (Susman). As their opening brief lays out more fully, CCWDC Br. (June 26, 2026), ECF No. 42-1 ("CCWDC Br."), Proposed Co-Leads are ready and eager to litigate this case to trial.

Proposed Co-Leads respond here to only the most salient aspects of the leadership application put forward by Plaintiff UFCW ("the Alternative Slate"). *See* No. 2:25-cv-05023-BMC ("*UFCW*"), (Jun. 26, 2026), ECF No. 44 ("UFCW Br.").[1]

***The Alternative Slate's complaint is not "wholly original."*** The initial complaints filed by the CCWDC and UFCW plaintiffs refute the Alternative Slate's claim that their complaint was "wholly original." UFCW Br. at 11. UFCW concedes it filed its complaint months after the Proposed Co-Leads filed theirs (and only after DOJ's investigation was announced), and UFCW acknowledges that being first to file is a relevant factor. *See* UFCW Br. at 11 & n.6. But the Alternative Slate says this factor should "be given little weight here" because, they claim, they drafted a "wholly original complaint" and "conducted [their] own investigation." *Id.*

But the UFCW Complaint is not "wholly original"; its structure and set of allegations are

---

[1] The Court should disregard the response brief of NYP. *See UFCW* ECF No. 48. NYP's interests are as adverse to the class's as is possible; a less trustworthy custodian of the class's interests could not be imagined. NYP's proposals (*id.* at 2-8)—which include an arbitrarily chosen leadership structure, a requirement that the Court review bills *in camera*, and a delay that only it desires—are beyond the mainstream and would unfairly prejudice the Proposed Class. The Court should also look askance at NYP's presumption to tell the Plaintiffs which lawyers should represent them. *Id.* at 7 (of Plaintiffs Pointers, Cleaners, and Caulkers Local 1: "They don't need Fairmark."). Moreover, NYP's purported concern about over-lawyering, *id*. at 7 n.7, is difficult to credit given its 10-page filing on an issue (leadership) in which it has no legitimate interest.

nearly identical to the CCWDC Plaintiffs' Complaint. *See* CCWDC Br. (June 26, 2026), ECF No. 42-1 at 4-5 ("CCWDC Br."). The Alternative Slate points to no new, significant allegations in their complaint that were omitted from the original CCWDC Complaint.

In fact, one of the few substantive differences between the two complaints is that the Alternative Slate took out of UFCW's Complaint, *UFCW* ECF No. 1, the in-house data analysis the Proposed Co-Leads performed to demonstrate the stark divergence between NYP's prices and its competitors. *See* No. 25-cv-5571 ("*CCWDC*"), ECF No. 1, at ¶¶ 66, 71, 97-102, 109-110, 112. The Alternative Slate, apparently, could not verify or recreate this data analysis or perform its own. *Cf.* Crooks Decl., ¶¶ 3-8 (describing Fairmark's in-house claims data expertise). Fortunately for the Proposed Class, these allegations are in the Consolidated Class Action complaint, *see CCWDC* ECF No. 32 ¶¶ 108-122, and the Alternative Slate relies on them extensively in its opposition to NYP's Motion to Dismiss, *see UFCW*, ECF No. 46, at 5-6, 20, 23-24.

*The Alternative Slate's many post-filing hours do not warrant leadership.* The Alternative Slate claims to have spent 1,400 hours thus far on this case, but in describing what those hours accomplished, it just lists standard post-filing, case-initiation tasks. *See* UFCW Br. at 11-12 (drafting initial letters, attending initial conferences, etc.). In any event, as it concedes at the end of this unremarkable litany, the Alternative Slate performed those tasks in tandem with the Proposed Co-Leads. *See id.* at 12. The Alternative Slate, for example, lists "preparing and appearing before Magistrate Judge Anne Shields for an initial discovery hearing" as one of its accomplishments, but omits that Proposed Co-Lead Attorney Jamie Crooks of Fairmark gave the *entire* substantive presentation for all Plaintiffs at that (*i.e.*, this case's only) hearing. *See generally CCWDC* ECF No. 26 (trans.). The Alternative Slate's participation in post-filing procedures doesn't overcome the Proposed Co-Leads' superior investigation, complaint, and experience.

*The Proposed Co-Leads have the most relevant, successful experience with hospital contracting practices antitrust matters.* UFCW asserts that "appointing counsel with the requisite knowledge and experience of both the industry and the specific conduct at hand (anti-steering and other contractual restraints)" is essential to best advance the interests of the Proposed Class.

UFCW Br. at 4.  The Proposed Co-Leads agree.

The Proposed Co-Leads are the unmatched experts in challenging the precise conduct at issue in this case, having represented plaintiffs in nearly *every* private-plaintiff hospital contracting practices antitrust case in the past two decades.  *See* Crooks Decl. ¶¶ 9-14; Wheeler Decl., ECF No. 42-3, ¶¶ 2-12.  The Proposed Co-Leads successfully litigated the largest such action (*Sutter*), pushing the case to the brink of trial, and obtaining a $575 million all-cash settlement and landmark injunctive relief that precludes anti-steering and is being overseen by a court-appointed monitor for ten years, on behalf of a class of self-funded payors similar to the Proposed Class here.  *See* Judgment, Ex. 1 at 7, *UEBT v. Sutter Health*, No. CGC-14-538451 (Cal. Super. Ct. Aug. 27, 2021).  The Proposed Co-Leads also have litigated virtually every other post-*Sutter* hospital contracting practices antitrust case, *see* CCWDC Br. at 9-12, 14-16, as evidenced by the fact that in its Statement of Interest in this case today, the United States asks the Court to follow a precedent set by the Proposed Co-Leads, *CCWDC* ECF No. 47, at 7 (citing *Uriel Pharmacy Health & Welfare Plan v. Advoc. Aurora Health, Inc.*, 2023 WL 12284689 (E.D. Wis. Apr. 28, 2023)).  The Proposed Co-Leads know this area of law better than any other private litigators.

The Alternative Slate cites its "healthcare antitrust work," *e.g.*, UFCW Br. at 4-6, but the vast majority of it relates to pharmaceuticals, not hospitals, *id.* at 14-18.  Other than sharing the labels "healthcare" and "antitrust," those cases are substantially different from this one.

The Alternative Slate's only experience with actions like this one is limited to two post-*Sutter* actions litigated by one member of their team, *see* UFCW Br. at 5-6, 24, but both were follow-on actions and neither resulted in any classwide relief (monetary or injunctive).[2]  *DiCesare v. Charlotte-Mecklenburg Hospital Authority* ("*DiCesare*"), No. 16CVS16404-100 (Mecklenburg Cnty. Super. Ct., N.C.), was an unsuccessful follow-on action to a Department of Justice ("DOJ") lawsuit.  *Compare United States v. Charlotte-Mecklenburg Hosp. Auth.*, No. 16-cv-311

---

[2] *Electrical Medical Trust v. U.S. Anesthesia Partners, Inc.*, No. 23-cv-04398 (S.D. Tex.) (cited at UFCW Br. at 24) is not a hospital contracting case (it is a monopolization case about anesthesiologists), but it *is* another follow-on case: The private plaintiffs "allege[d] substantially the same misconduct" (ECF No. 222, ¶ 138) as an earlier action filed by the FTC.  *See Fed. Trade Comm'n . v. U.S. Anesthesia Partners, Inc.*, No. 4:23-cv-03560 (S.D. Tex.).

(W.D.N.C.), ECF No. 1 (Compl., June 9, 2016) *with DiCesare*, ECF No. 1 (Compl., Sep. 9, 2016); *see also DiCesare v. Charlotte-Mecklenburg Hosp. Auth.*, 376 N.C. 63, 70-86 (2020) (trial court erred in failing to dismiss both claims). And *In re Mission Health Antitrust Litig.* ("*Mission*"), No. 1:22-cv-00114-MR (W.D.N.C.), was a follow-on to a case brought by Proposed Co-Lead Fairmark. *Compare Davis v. HCA Healthcare, Inc.*, No. 21CVS003276-100 (Buncombe Cnty. Super. Ct., N.C.), ECF No. 1 (Compl., Aug. 10, 2021) *with Mission*, ECF No. 43 (Consolidated Compl., Aug. 19, 2022) ¶ 31 (citing *Davis* as "alleging similar conduct to that described herein" against the same defendant). The follow-on *Mission* case never reached class certification; the case settled in exchange for a $1 million charitable donation and no injunctive relief regarding the challenged contracting practices. *See Mission Health will donate $1 million to create a new charity fund in resolution of the In re Mission Health Antitrust Litigation,* Leiff Cabraser Heimann & Bernstein (Jul. 6, 2026), t.ly/Y2YyZ. By contrast, Fairmark has continued to prosecute its case, seeking injunctive relief to stop the challenged contracting conduct; the parties have briefed class certification and related expert issues; and Proposed Co-Lead Attorneys Jamie Crooks and Amanda Vaughn will argue those matters in court later this week. Crooks Decl. ¶ 11.

The Proposed Co-Leads are proven leaders in hospital contracting practices antitrust cases, have proven experience developing such cases, have more experience litigating them, and have the *only* experience litigating such a case to the brink of trial. They are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(3).

***The Alternative Slate's other arguments fail.*** The Alternative Slate incorrectly invokes an unrelated statutory presumption that counsel for the largest plaintiff should be appointed lead. UFCW Br. at 6-8 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). That presumption has no place here; Congress limited the PSLRA's special prescriptions to securities cases. 15 U.S.C. § 78u-4(a)(1). In any event, the Proposed Class has thousands of payors covering the healthcare costs of millions of individuals—for example, New York City's health plan alone covers over 750,000 employees and their dependents.[3] Given the makeup of the Proposed Class, the relative size of the Plaintiffs

---

[3] *See Mayor Adams, Commissioner Campion Announce New City Health Plan Moves to Next Step*

4

is insignificant.  It certainly cannot overcome the fact that the Proposed Co-Leads investigated and initiated this case, are the undisputed leaders of precisely this type of antitrust action, and have a team of former Department of Justice trial lawyers, antitrust attorneys, and subject matter experts prepared to litigate this case quickly to trial.

Finally, the Alternative Slate cannot distinguish itself based on its New York presence.  *See* UFCW Br. at 8-9.  Proposed Co-Lead Susman is one of New York's foremost trial and antitrust firms, with one of New York's premier trial lawyers, Jacob Buchdahl, at the helm.  Both Susman and Fairmark have New York offices and distinguished New York-based attorneys working this case.  *See* CCWDC Br. at 11-14.  Supporting co-counsel Hach Rose Schirripa & Rehns LLP is likewise based in New York City.

The Proposed Co-Leads developed this case from scratch, have successfully and effectively led cases involving the same complex subject matter that this case involves, and have put forth a team that would best represent the Proposed Class's interests.  The Proposed Co-Leads should be appointed Interim Co-Lead Class Counsel.

| Dated:  July 6, 2026 | */s/ Jamie Crooks* |
|---|---|
| | Jamie Crooks (admitted *pro hac vice*) |
| | Michael Lieberman (*pro hac vice* forthcoming) |
| | Amanda R. Vaughn (admitted *pro hac vice*) |
| | Yinka Onayemi |
| | **FAIRMARK PARTNERS LLP** |
| | 400 7th Street, NW, Suite 304 |
| | Washington, DC 20004 |
| | (619) 507-4182 |
| | jamie@fairmarklaw.com |
| | michael@fairmarklaw.com |
| | amanda@fairmarklaw.com |
| | yinka@fairmarklaw.com |
| | |
| | *Counsel for Cement and Concrete Workers DC Benefit Fund, and the Pointers, Cleaners & Caulkers Local 1 Welfare Fund* |

---

*for Municipal Labor Committee Approval,* NYC.gov (Aug. 28, 2025), https://www.nyc.gov/mayors-office/news/2025/08/mayor-adams--commissioner-campion-announce-new-city-health-plan-.

Jacob W. Buchdahl
Mark Musico
Jeffrey Xia
**SUSMAN GODFREY LLP**
One Manhattan West, 50th Floor
New York, NY 10001
(212) 336-8330
jbuchdahl@susmangodfrey.com
mmusico@susmangodfrey.com
jxia@susmangodfrey.com

Steven G. Sklaver (*pro hac vice* forthcoming)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
ssklaver@susmangodfrey.com

Christopher C. Wheeler (admitted *pro hac vice*)
Alexis J. Loeb
**FARELLA BRAUN + MARTEL LLP**
One Bush Street, Suite 900
San Francisco, CA 94104
(415) 954-4400
cwheeler@fbm.com
aloeb@fbm.com

*Counsel for Pointers, Cleaners & Caulkers Local 1 Welfare Fund*

Frank R. Schirripa
Gwendolyn Nelson
Scott Jacobsen
**HACH ROSE SCHIRRIPA & REHNS LLP**
112 Madison Avenue, 10th Floor
New York, NY 10016
(212) 213-8311
fschirripa@hrsrlaw.com
gnelson@hrsrlaw.com
sjacobsen@hrsrclaw.com

William Dreher (admitted *pro hac vice*)
Kylie Fisher (*pro hac vice* forthcoming)
**KELLER ROHRBACK LLP**
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
(206) 623-1900
wdreher@kellerrohrback.com

6

kfisher@kellerrohrback.com

*Counsel for Cement and Concrete Workers DC Benefit Fund, and the Pointers, Cleaners & Caulkers Local 1 Welfare Fund*

**WORD COUNT CERTIFICATION**

Pursuant to Local Rule 7.1(c), I hereby certify that the total number of words in this response, excluding the caption, signature block, and word count certification is 1784.

/s/ Jamie Crooks
Jamie Crooks

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jamie Crooks*
Jamie Crooks